JOHN FARRINGTON, Plaintiff in Error, v. JOHN W. WRIGHT, Defendant in Error.

An Attorney cannot be compelled to file the evidence of his authority under our Statute.

An Order for that purpose, obtained *Exparte*, upon the application of one party without notice to the other party or his Attorney, is void.

An Order staying all proceedings in a cause, until the authority of the Attorney is produced, is void. It should only stay the proceedings of such Attorney in the Action, until his authority was proved.

A notice of a motion for a Judgment notwithstanding an answer, is a regular and valid proceeding under our practice, and the party noticing the motion, may, upon default, take his order. The party taking such order, however, must see that all former proceedings on his part are regular, and that his order is founded upon the record and practice of the Court.

This Court will, upon Writ of Error, correct an order taken upon default, where such order is not sustained by the record and practice.

The allegation in an answer that the Defendant "*charged* twenty-five dollars for his Commissions," will not be available as a counter claim. It should allege that his services were worth that, or some other sum, and that the charge therefor was just and reasonable. Evidence could not be admitted under such an allegation, to prove that the charge was just and reasonable, or that the services were worth the amount charged.

Such an allegation would not be cured by a proper verification; in verifying the answer he, in effect, only swears that he charged such an amount; not that such charge was just and true.

This cause was brought to this Court by Writ of Error, to the District Court of the County of Ramsey, and Second Judicial District.

16

The Plaintiff in the Court below, commenced the action by Summons and Complaint, served on the 20th day of January, 1855, for the recovery of $300, and interest, alleged to be a balance of $1000, entrusted by the Plaintiff to the Defendant, " to purchase Eastern Exchange, and to send the same, less the " current rates of Exchange, to the correspondents of the " Plaintiff in New York," to be placed to Defendant's credit. $700 of the amount had been so disposed of, but the Defendant refused to pay the balance.

The Defendant appeared and moved to strike out the Complaint and verification, because the verification was defective and did not comply with the Statute.

The Court below refused to strike out the Complaint, because the course pursued by the Defendant, was not the proper remedy.

On the 6th of March following, the Defendant answered, admitting all the material allegations of the Complaint, and alleging by way of counter claim, that, " the Defendant charged " for his commissions thereon, twenty-five dollars, leaving a " balance of $268 in favor of the Plaintiff."

On the 19th of March, the Plaintiff's Attorney served upon the Attorneys for the Defendant, a notice of motion for Judgment, notwithstanding the answer, which motion was afterwards, on the 28th of March, argued and sustained, and Judgment entered in favor of the Plaintiff for the amount claimed, and costs.

On the 20th of March an order was obtained *Exparte*, on the application and affidavit of the Defendant, and without notice to the Plaintiff's Attorney, requiring W. G. Le Duc, the Attorney of record for the Plaintiff to file therein the evidence of his authority from the Plaintiff, for commencing and prosecuting the action, and that further proceedings therein be stayed until such evidence should be filed.

Notice of this order was served upon the Plaintiff's Attorney on the day of its date.

Afterwards on the 30th "April, 1855, on motion of the Plaintiff's Attorney, this order was vacated and set aside, and on the 14th of May following the Defendant sued out his Writ of Error, to remove the cause to this Court.

The following points and authorities were relied upon by the Plaintiff in Error.

1. The Court below erred in proceeding to Judgment in this case, because the Complaint and verification were defective and not in conformity with the Statute.

*Sec.* 73, *R. S.*, 338; *Peers vs. Carter,* 4 *Little's Kentucky R.*, 368; *Gaddis vs. Durashy,* 1 *Green's N. J. R.,* 324; *Chitty's C. L.,* 853, *Arch. Pr.* 11, 3 *Chitt. Gen. Pr.; Webb vs. Clark,* 2 *Sandf.* 647, *Mason vs. Brown,* 6 *How. Pr. R.,* 481.

2. The order of the 20th March, 1855, staying proceedings in the action in the Court below, until W. G. Le Duc, Esq., Attorney for the Plaintiff should file in the action, the evidence of his authority, from the Plaintiff, for commencing and prosecuting the same, and requiring him to file such evidence and notify Defendant's Attorney, was a legal and proper order, and was authorized by Statute; and, whether so or not, was good, valid and binding upon the Court and the parties until duly and regularly vacated; and therefore, the order for Judgment on 28th March, 1855, was in violation of the order of 20th March, 1855, and illegal.

1 *Tidd's Pr.,* 93; 1 *Durnf. and East,* 62; 1 *Chitt. Rep.* 194; 1 *Tidd's Pr.,* 95; 1 *Tidd's Pr.,* 516; 1 *Tidd's Pr.,* 527; 1 *Bunnill's Pr.,* 39; 1 *Troubat and Haly's Pr.,* 154; *Howe's Pr.,* 31; *Sec.* 12, *R. S.,* 458; *Sec.* 17, *R. S.,* 419; 1 *Monell,* 174; *Sec.* 90, *R.* S., 340; 4 *Howe's* 34; *Am. Rev. Stat., Sec.* 55, 13 *and* 14; *Mitchell vs. Hall,* 7 *How. Pr. Rep.,* 492.

3. The answer in the action presents a just and legal defense as to part of the Plaintiff's claim, and therefore a judgment for the whole of that claim was unjust, and not warranted by the Pleadings.

The following are the points and authorities relied upon by the Defendant in Error.

*First.* There is no error in the record or proceedings of the Court below.

*Second.* The motion on behalf of the Defendant below, to set aside the Complaint and verification, was properly denied.

5 *How. Pr. R.,* 257; 6 *How. Pr. R.,* 394; 8 *How. Pr. R.,* 212; 1 *Code R. N. S.,* 318; *Rev. Stat., p.* 338, *Sec.* 73.

*Third.* The order of 20th March, staying proceedings, &c.,

was of no binding force upon the Plaintiff or his Attorney, prior to the order for Judgment, because,

1st. The order was obtained *Exparte*, without notice to the Plaintiff or his Attorney.

2d. It was not served upon the Plaintiff or his Attorney.

3d. The order was not authorized by law, nor by the practice of the Court.

*Rev. Stat. p.* 438, *Sec.* 12, *and Amendments to Rev. Stat., pp.* 13 *and* 14, *Sec.* 55; *Voorhie's N. Y. Code of* 1852, *p.* 411; 5 *Cow. R.,* 438; 5 *Hill.* 568; 2 *Code R.,* 139; 4 *How. Pr. R.,* 248; 8 *Pr. R.,* 50 *and* 349; 6 *Pr. R.* 370, 371 *and* 372.

*Fourth.* This answer presents no defense whatever to the whole, or any part of the claim set forth in the Complaint, and besides, the Defendant below failed to appear and oppose the motion for Judgment, and the Plaintiff was therefore entitled to the order asked for, without regard to the merit.

*Rule* 16 *of Rules of District Court in proceedings at law.*

*Fifth.* Admitting every proceeding and decision in the Court below to have been irregular, in the full extent contended for by the Plaintiff in Error: none of these proceedings or decisions can be alleged for Error in this Court.

6 *Hill,* 288–9; 21 *Wend.,* 52; 2d *Bun. Pl.,* (2d ed.,) 159; *Graham's Pl.,* (2d ed.,) 944; 2 *Cow. R.,* 49; *Rev. Stat., p.* 25, *Sec.* 9; *also p.* 416, *Sec.* 32; *Amendments to R. S., p.* 13, *Sec.* 51 *and* 52; *Rule* 9 *of this Court.*

HOLLINSHEAD & BECKER, Counsel for Plaintiff in Error.

W. G. LE DUC, and H. R. BIGELOW, Counsel for Defendants in Error.

*By the Court*—CHATFIELD, J. The order requiring the Attorney for the Plaintiff below to *file* proof of his authority was properly disregarded by the District Court. The order was wholly void. It was not authorized by the Statute, which regulates the practice and proceedings in such cases, and supersedes the old practice of filing warrants of Attorney. The Statute authorizes an order to require the Attorney to produce or prove the authority under which he appears. The order in

this case required the Attorney for the Plaintiff to *file the evidence* of his authority, which is another and different thing. The Statute authorizes an order staying all proceedings by an Attorney on behalf of the party until he does produce or prove his authority. The order in this case stayed all proceedings on the part of the Plaintiff, by the same or any other Attorney, until, &c., a stay not authorized for that cause. Had the order been valid for any purpose, the record does not show that it was so served as to make it effectual.

The Plaintiff had by the practice, the right to take his Judgment notwithstanding the answer, pursuant to his notice of motion therefor, the Defendant not appearing. A party noticing a motion, may, if his opponent make default, take his order, but he takes it at his peril, and must see to it, that his proceedings are regular, and that he takes no more than he is entitled to by the record or the practice. If the practice or record will not sustain the order which he thus takes, it is subject to correction, and if, as in this case, the order be for final judgment, and not sustained by the record, the error may be corrected in this Court upon Writ of Error. In this case I think the judgment is sustained by the record.

The cause of action is confessed by the answer, and is not to any extent avoided. It appears by the amount of the Judgment that the full current rate of Exchange on the seven hundred dollars remitted by the Defendant below, was allowed.

The counter-claim for commissions is not adequately alleged in the answer to make it available to the Defendant below. The allegation is that he " *charged* twenty-five dollars for his commission." He does not allege that the charge was true, or that the services for which he made the charge, were worth that or any other sum. In verifying the answer, he, in effect, only swears that he *charged* that sum, and not that the charge itself was true or just. I do not think that the allegation is sufficient to admit proof to sustain a claim of twenty-five dollars or any less sum for Commissions. The existence of such a claim is not alleged, nor can it be implied from the statement that he charged it. Proof that he made the charge, which is all that is alleged, would not alone sustain a claim for the amount charged, or any less sum. Proof of other facts, not

alleged, would be required to resolve the charge into a valid legal claim.

The judgment of the District Court must be affirmed.